835 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James F. ROGERS, Petitioner,
v.
DEPARTMENT OF EDUCATION, Respondent.
 No. 87-3392.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1987.
 
 Before MARKEY, Chief Judge, SKELTON and BALDWIN, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. DC03518610535, sustaining the Department of Education's (agency's) reduction-in-force (RIF) action affecting Dr. James F. Rogers (Rogers), is affirmed.
 
 OPINION
 
 2
 Substantial evidence supports the administrative judge's finding that the Office of Bilingual Education and Minority Languages Affairs (OBEMLA) constituted a proper competitive area. Agency witnesses testified that the Director of OBEMLA has complete authority to manage resources assigned to that office, and that OBEMLA's function is distinct from those of other agency offices. The administrative judge properly concluded that OBEMLA satisfied the Office of Personnel Management standard for a competitive area. 5 C.F.R. Sec. 351.402(b); Federal Personnel Manual 351-2-2 (1981); see Grier v. Department of Health & Human Servs., 750 F.2d 944, 946 (Fed.Cir.1984).
 
 
 3
 Rogers may prevail only by showing that the agency abused its discretion in limiting the competitive area to OBEMLA. Ginnodo v. Office of Personnel Management, 753 F.2d 1061, 1064 (Fed.Cir.), cert. denied, 474 U.S. 848 (1985); Grier, 750 F.2d at 946. Rogers' argument that it "appears both reasonable and consistent that the Department exercise its perogative [sic] of extending the competitive area" does not constitute such a showing. Moreover, whether the agency followed proper procedures in transferring Rogers to OBEMLA in 1984 is irrelevant. Only the 1986 RIF is on appeal.
 
 
 4
 We affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Bacon v. Department of Hous. & Urban Dev., 757 F.2d 265, 268 (Fed.Cir.1985).